THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,                      :

       Plaintiff,                     :       Case Nos. 2:23-cv-3761
                                       2:23-cv-3762

    v.                                  :
                                      Judge Walter H. Rice
HUSAM MOUSA, d/b/a VAPOR         :       Mag. Judge Michael R. Merz
STATE, *et al.*,

       Defendants.

---

ORDER SUSTAINING MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF GS
HOLISTIC, LLC (DOC. #39); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF
PLAINITFF AND AGAINST DEFENDANT HUSAM MOUSA, d/b/a VAPOR STATE;
DEFENDANTS GC SMOKE SHOP, LLC, d/b/a GC SMOKE SHOP, DIALA TOBACCO
SHOP LLC, d/b/a SMOKE HOUSE, AND NABIL SHALASH SHALL, WITHIN
FOURTEEN (14) DAYS OF ENTRY, EITHER VOLUNTARILY DISMISS THEIR CROSS-
CLAIM (DOC. #33-1) OR MOVE FOR DEFAULT JUDGMENT AGAINST MOUSA

---

This case is before the Court on the Motion for Default Judgment of Plaintiff

GS Holistic, LLC, against the sole remaining Defendant, Husam Mousa, d/b/a

Vapor State (hereinafter "Mousa"). (Doc. #39).[1] For the reasons set forth below,

the Motion is SUSTAINED.

I.    **Procedural History and Analysis**

On January 14, 2025, the above-captioned cases were consolidated and

Plaintiff was granted leave to file an amended complaint. (Decision and Order,

---

[1] All docket references are to lead case 2:23-cv-3761 unless otherwise expressly specified.

Doc. #24).  On January 21, 2025, Plaintiff filed the operative First Amended Complaint, adding Mousa as a Defendant.  (Doc. #27).  Mousa was served on or about February 4, 2025 (Returns of Service, Doc. #31, PAGEID 261).  However, Mousa never answered or otherwise participated in the case, despite the Court ordering him to do so on April 16, 2025 (Doc. #32), and despite Defendants GC Smoke Shop, LLC, d/b/a GC Smoke Shop, Diala Tobacco Shop LLC, d/b/a Smoke House, and Nabil Shalash (collectively "Shalash Defendants") filing a Cross-Claim against him that same day.  (Doc. #33-1).  On September 9, 2025, the Clerk of Courts filed an Entry of Default against Mousa (Doc. #36), and on October 8, 2025, Plaintiff filed the instant Motion against Mousa.  (Doc. #39).  On December 30, 2025, Plaintiff and the Shalash Defendants reached a settlement, which "does not affect any other parties in this action.  Motion for Default Judgment against Husam Mous[a] . . . remains outstanding for adjudication."  (Notice of Settlement, Doc. #44, PAGEID 328).  The settlement also did not purport to affect the Shalash Defendants' Cross-Claim against Mousa.

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that:

- According to the United States Patent and Trademark Office ("USPTO"), the Stundenglass Trademarks Reg. Nos. 6,174,291, 6,174,292, 6,633,884 ("Marks") are valid, active, and assigned to Plaintiff[2];

---

[2] While Plaintiff did not attach the Trademark Certificates for the Stundenglass Marks to the instant Motion for Default Judgment, it has done so in numerous other cases before this Court. (*See, e.g.,* Motion for Default Judgment, No. 2:23-cv-3571, Doc. #19, PAGEID 156-61). Moreover, the Certificates are public records of which the Court may take judicial notice *See, e.g., EVO Brands,*

- By selling counterfeit goods bearing the Stundenglass Marks likely to cause consumers to mistake the counterfeit tobacco infusers ("Products") for legitimate Stundenglass products, Mousa is liable for both trademark infringement and false destination of origin, in violation of the Lanham Act of 1946 (Doc. #39, PAGEID 291-97, citing 15 U.S.C. §§ 1114, 1125(a));

- Mousa's Lanham Act violations were willful, as the statute has been interpreted. (*Id.* at PAGEID 299-300, quoting *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-241, 2010 WL 2572113, *2 (S.D. Ohio Jun. 22, 2010) (Graham, J.); citing 15 U.S.C. § 1117(c); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, *4 (E.D. Mich. Jun. 25, 2007)); and

- An award of statutory damages in the amount of $150,000—$50,000 per infringed trademark—is commensurate with the harm Plaintiff suffered from the infringement and sufficient to act as deterrent toward future potential infringers. (*Id.* at PAGEID 301-02, citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio June 22, 2010) (Barrett, J.) (noting that "courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."); *JUUL Labs, Inc. v. FLI High, LLC*, 2021 WL 3633512, *2 (N.D. Ohio Aug. 17, 2021); C. Folkerts Damages Decl. 1, Doc. #39-1, PAGEID 307-11; C. Folkers Damages Decl. 2, Doc. #39-2, PAGEID 312-16).

Mousa has known about Plaintiff's First Amended Complaint and the nature of the allegations against him for more than one year, and has had numerous opportunities to contest Plaintiff's recitation of the facts regarding trademark validity and Defendants' liability for selling counterfeit goods. (Doc. #27, PAGEID 287-90, citing Doc. #27, PAGEID 208, 209-10, 21, 214, ¶¶ 9-10, 13-20, 29, 42-43). Mousa has not done so, even when faced with significant evidence of liability.

---

*LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (USPTO records "are appropriate subjects for judicial notice because they constitute matters of public record.").

Thus, all well-pleaded allegations in the Complaint are deemed admitted against it, except with respect to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Additionally, Defendants have not attempted to present any evidence in opposition to Plaintiff's Chief Executive Officer regarding damages, or in opposition to Plaintiff's well-reasoned arguments as to the appropriateness of an award of statutory damages of $150,000, $50,000 per infringed trademark, plus costs of litigation, injunctive relief, and destruction of the counterfeit products. (Doc. #39, PAGEID 301-03 (collecting cases); *see also* Doc. #39-1, PAGEID 307-01; Doc. #39-2, PAGEID 313-15; Attorney Damages Decl., Doc. #39-3, PAGEID 102-03).

"Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered." *Stark Carpet Corp. v. Stark Carpet & Flooring Installation Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (Plaintiff showing bare procedural violation of law with statutory damages provision does not have Article III standing absent concrete injury-in-fact resulting from said violation.). However, Mousa may not escape judgment simply by not participating in the case and making actual losses impossible to ascertain. Here, Plaintiff has presented undisputed evidence of the harm caused by Mousa infringing Plaintiff's trademark. (Doc. #39-1, PAGEID 307-11; Doc. #39-2, PAGEID 312-15). Finally, district courts have consistently awarded

4

statutory damages of approximately $50,000 per mark or more in trademark infringement cases.  (Doc. #39, PAGEID 301-03 (collecting cases)).

In sum, Plaintiff has demonstrated cognizable, redressable harm, and presented undisputed evidence that damages of $150,000 are connected to the harm Plaintiff suffered and act as a sufficient deterrent against future infringement.  Thus, judgment will enter in favor of Plaintiff and against Mousa in that amount.[3]

Plaintiff has also shown that equitable relief against Mousa is necessary to prevent present and future harm to Plaintiff.  (Doc. #39, PAGEID 303-04, citing 15 U.S.C. §§ 1116, 1118).  Accordingly, Mousa is enjoined from purchasing, selling, or using for any purpose, commercial or otherwise, the Products or any other counterfeit Stundenglass product that would infringe upon the trademarks at issue.  Additionally, Mousa is to destroy all Products and any other counterfeit Stundenglass items in their possession or control within thirty (30) days of entry, and certify to the Court within fourteen days of their destruction that they have been destroyed.  Failure to do so may result in sanctions and additional damages being assessed against Mousa.

---

[3] While Plaintiff also asks that the Court award $1634.74 in Court-related costs (Doc. #39-3, PAGEID 317, ¶ 5), costs are taxed against Defendants as a matter of course fourteen days after Plaintiff files a notice of costs with the Clerk of Court's Office. FED.R.CIV.P. 54(d)(1).  Thus, the Court need not reach this portion of Plaintiff's Motion at this time.

5

## II.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #39) is SUSTAINED as to Mousa.  Judgment in the amount of $150,000, with additional equitable relief described above, shall ultimately enter in favor of Plaintiff and against Mousa.  The Shalash Defendants shall, within FOURTEEN (14) days of entry, either voluntarily dismiss their Cross-Claim against Mousa (Doc. #33-1) or move for default judgment against him.  Failure to do so WILL RESULT in the Court dismissing the Cross-Claim for want of prosecution and terminating the captioned matters.

IT IS SO ORDERED.

February 17, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT