THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GS HOLISTIC, LLC, :

Plaintiff, :

v. :

GC SMOKE SHOP LLC, *et al.*, : Case No. 2:23-cv-3761

Defendants/Cross-Plaintiffs, : Judge Walter H. Rice

v. :

HUSAN MOUSA, *et al.*, :
Cross-Defendants.

---

ORDER DISMISSING DEFENDANTS/CROSS-PLAINTIFFS GC SMOKE SHOP LLC, d/b/a GC SMOKE, AND NABIL SHALASH'S CROSS-COMPLAINT AGAINST CROSS-DEFENDANTS HUSAN MOUSA AND VAPOR STATE, LLC (DOC. #33-1) FOR WANT OF PROSECUTION; TERMINATION ENTRY

---

This matter is before the Court on its *sua sponte* review of the docket. On July 13, 2025, the undersigned ordered Defendants/Cross-Plaintiffs GC Smoke Shop LLC, d/b/a GC Smoke, and Nabil Shalash (collectively "Defendants") to show cause within fourteen days as to why their Cross-Complaint (Doc. #33-1) against Cross-Defendants Husan Mousa and Vapor State LLC (collectively "Cross-Defendants") should not be dismissed with prejudice for want of prosecution. (Order, Doc. #54, PAGEID 364-65). Therein, the Court noted that "Defendants have

done nothing to pursue their Cross-Complaint, even after they settled with Plaintiff GS Holistic, LLC, and after Plaintiff obtained default judgment on its own claims against Cross-Defendants." (*Id.* (citations omitted)). Defendants did not respond to the Court's Order.

"[T]he United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004), citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). However, the Court is mindful of the harshness of the sanction, and that it should only be imposed "when there is a showing of clear delay or contumacious conduct." *Id.*, citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980). Nonetheless, the docket shows just such a record of Defendants refusing to comply. On February 18, 2026, the Court ordered Defendants, within fourteen days, either to dismiss the Crossclaim or to move for default judgment against Cross-Defendants (Doc. #49). Defendants never responded or otherwise attempted to prosecute their Cross-Complaint. On July 13, 2026, "[i]n an attempt to balance the Court's strong preference for adjudication on the merits with the necessity of bringing this nearly-three-year old case to a resolution," (Doc. #54, PAGEID 365), the Court again implored Defendants to show the Court that Defendants were do anything to prosecute their claims. Again, Defendants failed to respond, making dismissal the appropriate remedy.

For the reasons set forth above, Defendants' Cross-Complaint (Doc. #33-1) is DISMISSED WITH PREJUDICE for want of prosecution. Judgment shall enter in favor of Cross-Defendants and against Defendants as to the Cross-Complaint.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 18, 2026

Walter H. Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT